1  ADAM C. BROWN (SBN 161951)
   ANDREA R. SHEARER (SBN 265421)
2  **HILL RIVKINS BROWN & ASSOCIATES**
   **A Professional Law Corporation**
3  11140 Fair Oaks Boulevard, Suite 100
   Fair Oaks, CA 95628
4  Telephone: (916) 535-0263
   Facsimile: (916) 535-0268
5
   Attorneys for Plaintiff
6  C.S. TRADING

7

```
                                  FILED
                   CLERK, U.S. DISTRICT COURT

                        NOV 1 5 2013

                 CENTRAL DISTRICT OF CALIFORNIA
                 BY                        DEPUTY
```

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  C.S. TRADING, a Delaware corporation,          Case No.: CV13-8481PLA

12              Plaintiff,                          **COMPLAINT FOR DAMAGES**

13         vs.                                      **JURY TRIAL DEMANDED**

14  DALIAN SUNTIME INTERNATIONAL
    TRANSPORTATION CO. LTD. d/b/a
15  DALIAN SUNTIME INTERNATIONAL
    TRANSPORTATION (USA) INC., a New
16  Jersey corporation; NANJING OCEAN
    SHIPPING CO., a foreign corporation;
17  ASBURY TRANSPORTATION CO., a
    California corporation; M/V HEILAN STAR,      BY FAX
18  her engines, tackle, boilers, etc., a Panama
    vessel and DOES 1 through 10, inclusive,
19
                Defendants.
20

21         Plaintiff C.S. Trading, alleges upon information and belief as follows:

22                               **PARTIES**

23         1.     C.S. TRADING (hereinafter referred to as "CST") was, at all times mentioned

24  herein, a California d/b/a of QT Managers, L.P., a Delaware corporation, with an office and

25  place of business at 5318 E. Second St. No. 683, Long Beach, CA, and authorized to do business

26  and doing business in the State of California, and was the owner of the shipment which is the

27  subject matter of this action.

28
    _____
                             1
                   COMPLAINT FOR DAMAGES

2.     Defendant DALIAN SUNTIME INTERNATIONAL TRANSPORTATION CO. LTD. d/b/a DALIAN SUNTIME INTERNATIONAL TRANSPORTATION (USA) INC. ("Dalian") is, and at all times mentioned herein was, a corporation organized and existing under the laws of the state of New Jersey, and authorized to do business and doing business in the State of California, and at all times mentioned herein was a provider of transport services and/or a common carrier of goods for hire.

3.     Defendant NANJING OCEAN SHIPPING CO. ("NASCO") is, and at all times mentioned herein was, a corporation organized and existing under the laws of China, and authorized to do business and doing business in the State of California, and at all times mentioned herein was a provider of transport services and/or a common carrier of goods for hire.

4.     Defendant ASBURY TRANSPORTATION CO. ("Asbury") is, and at all times mentioned herein was, a corporation organized and existing under the laws of the state of California, and authorized to do business and doing business in the State of California, and at all times mentioned herein was a provider of transport services and/or a common carrier of goods for hire.

5.     Plaintiff is informed and believes, and thereon alleges, that Defendant M/V HEILAN STAR, was at all material times a general cargo vessel sailing under the Panama flag. The vessel was built in 2011, its call sign is HP5246 and its gross tonnage is 32953 tons.

6.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the DOE Defendants is responsible in some manner for the events and happenings herein referred to, and thereby proximately caused the injuries and damages as herein alleged.

7.     At all times material hereto, the Defendants, and each of them, including the Doe Defendants, were the agents, servants or employees of each Defendant named herein, and at all

2
COMPLAINT FOR DAMAGES

1    of said times, each said Defendant was acting within the course and scope of said agency, service

2    or employment.

3                        **JURISDICTION AND VENUE**

4         8.      This Court has jurisdiction pursuant to 28 U.S.C §1333 in that this is an admiralty

5    and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure OR

6    9 U.S.C.A. § 8, preservation of in rem security for arbitration.  Plaintiff invokes the maritime or

7    admiralty provision of Rule 9(h) for the purposes of Rule 14(c), 38(e), 82 and the Supplemental

8    Rules for Certain Admiralty and Maritime Claims.

9         9.      This Court has supplemental jurisdiction over the common law claims pursuant to

10   28 U.S.C. § 1367.  Venue is proper in that the contract was entered into in this district and

11   partially performed in this district.

12                        **GENERAL ALLEGATIONS**

13        9.      On or about December 21, 2012, CST contracted with Defendants for the

14   transportation of 297 prime quality steel pipes (hereinafter the "Cargo") valued at $483,952.25

15   from Tianjin, China to Los Angeles, California pursuant to Bill of Lading number

16   D01A1202HLST101 (hereinafter the "Contract") and then to Riverside, California. Pursuant to

17   the Contract, Defendants agreed to provide transportation services to CST.

18        10.     The Cargo was delivered to Defendants Dalian and/or NASCO in good working

19   order and condition.

20        11.     The Cargo was then loaded on the M/V Heilan Star by Defendants Dalian and/or

21   NASCO for its voyage to Los Angeles, CA. The Cargo remained under the care, custody and

22   control of Defendants Dalian and/or NASCO throughout the duration of the voyage.

23        12.     On or about January 25, 2013, the M/V Heilan Star, carrying the Cargo, arrived at

24   the port in Los Angeles, CA.

25        13.     The Cargo was then loaded onto flatbed trucks and trucked under the care,

26   custody and control of Defendant Asbury from the port in Los Angeles, CA to its final

27

28

COMPLAINT FOR DAMAGES

destination in Riverside, CA, and was discharged by stevedores appointed by the ship under the liner terms of the bill of lading.

14.     Upon the Cargo's arrival at its final destination, Imperial Pipe, it was discovered that 113 pipes had been damaged during shipment.

15.     After mitigation, the amount of damages to the Cargo was found to be $23,226.80.

16.     Plaintiff was the receiver, insurer and/or owner of the shipment and brings this action on its own behalf and as agent and trustee of all parties who may be or become interested in said shipment as their respective interests may appear, and Plaintiff is entitled to maintain this action.

23.     Plaintiff performed all duties and obligations on its part to be performed, including those set forth in the Agreement and Amendment.

## FIRST CAUSE OF ACTION
### (Breach of Contract as to all Defendants)

24.     Plaintiff hereby incorporates by reference each, and every and all allegations in Paragraphs 1 through 23, inclusive, above, as though the same were again fully set forth at length herein.

25.     On or about December 21, 2012, in accordance with the terms of the Contract, Plaintiff caused to be shipped the Cargo, delivered to Defendants in good order and condition, suitable in every respect for the intended transportation which Defendants received, accepted and agreed to transport for certain consideration.

26.     Defendants, in consideration of reasonable compensation to be paid by Plaintiff, agreed to safely and promptly carry the Cargo and deliver same to its intended destination.

27.     Plaintiff performed all conditions, covenants and promises under the Contract on its part to be performed, including payment in full for services rendered to Defendants.

28.     Defendants breached the Contract with Plaintiff in that Defendants did not safely carry and deliver the Cargo to its intended destination, as described herein.

4
COMPLAINT FOR DAMAGES

29.     In accordance with the terms of the Contract, Plaintiff demanded that Defendants reimburse it for the value of the damaged Cargo.  However, Defendants have refused and failed to reimburse Plaintiff for the value of the damaged Cargo.

30.     As a direct and proximate result of Defendants' breach of the Contract, Plaintiff has suffered damages in the amount of $23,226.80.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Negligence as to all Defendants)

31.     Plaintiff hereby incorporates by reference each, and every and all allegations in Paragraphs 1 through 30, inclusive, above, as though the same were again fully set forth at length herein.

32.     On the above-referenced shipping dates, at Tianjin, China, there was delivered to Defendants in good order and condition the Cargo, suitable in every respect for the intended transportation for which Defendants received, accepted and agreed to transport said Cargo for certain consideration to Riverside, California.  As such, Defendants owed a duty to Plaintiff to use reasonable care in the transport of the Cargo, including all reasonable steps to ensure the Cargo reached its destination in good order and condition.

33.     Defendants negligently failed to arrange for the carriage of the Cargo with suitable carriers; failed to take reasonable measures to prevent damage of the Cargo; breached and violated their duties as providers of transportation and transportation services and their obligations as a common carrier and bailee of said Cargo; and otherwise failed to act within the standard of care required of a carrier and/or broker of goods for hire.

34.     Thereafter the Cargo was damaged.

35.     As a direct and proximate result of Defendants' negligence, Plaintiff has sustained damages in the amount of $23,226.80 plus such additional sums in an amount according to proof.

COMPLAINT FOR DAMAGES

1         WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

2 hereinafter set forth.

3 <center>**THIRD CAUSE OF ACTION**</center>

4 <center>**(Civil Code Section 2194 as to Defendant Asbury)**</center>

5      36.     Plaintiff hereby incorporates by reference each, every and all of the allegations in

6 Paragraphs 1 through 35, above, as though the same were again fully set forth at length herein.

7      37.     At all times mentioned herein, Defendants, and each of them, were, and now are,

8 inland common carriers of goods for hire to various destinations, including the destination

9 alleged herein.

10      38.     On or about January 25, 2013, there was delivered to Defendants a shipment of

11 Cargo suitable in every respect for the intended transit which the Defendants received, accepted

12 and agreed to transport for certain consideration from the port in Los Angeles to Riverside,

13 California.

14      39.     The Cargo was damaged during its transportation, as Defendants, and each of

15 them, permitted said Cargo to be damaged while in their possession, as alleged herein, or

16 otherwise failed to properly deliver the Cargo to its intended destination in the same good order

17 and condition as received.

18      40.     Plaintiff notified Defendants in writing of the claim and have demanded

19 reimbursement therefore, but Defendants have failed and refused, and continue to fail and refuse

20 to reimburse Plaintiff.

21      41.     After mitigation, the amount of damages to the Cargo on the date on which it

22 should have been delivered was $23,226.80.

23         WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

24 follows:

25      1.     For the amount of damages to the Cargo in the amount of $23,226.80;

26      2.     For incidental and consequential damages according to proof;

27      3.     For costs of suit incurred herein;

28

<center>6</center>
<center>COMPLAINT FOR DAMAGES</center>

1        4.    That process in due form of law according to the practice of this court in causes of

2    admiralty or maritime jurisdiction may issue against said the vessel, her engines, etc., and that all

3    persons having or claiming any interest therein be cited to appear and answer under oath all and

4    singular the matters stated, and this court will be pleased to pronounce a judgment in favor of

5    Plaintiff for damages together with interest, costs and disbursements, and the motor vessel may

6    be condemned and sold to pay therefor; and

7        5.    For such other and further relief as the Court may deem proper.

8        6.    For interest at the legal rate on the foregoing sum pursuant to section 3336 of the

9    California Civil Code from August 31, 2009; and

10       7.    For such other and further relief as the Court may deem proper.

11

12   Date:  November 15, 2013                 HILL RIVKINS BROWN & ASSOCIATES

13                                      A Professional Law Corporation

14                                    By:

15                                    ANDREA R. SHEARER

16                                    Attorney for Plaintiff C.S. TRADING

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| C.S. TRADING, a Delaware corporation | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| DALIAN SUNTIME INTERNATIONAL TRANSPORTATION CO. LTD. | ) |
| d/b/a DALIAN SUNTIME INTERNATIONAL TRANSPORTATION (USA) | ) |
| INC., a New Jersey corporation; NANJING OCEAN SHIPPING CO., a | ) |
| foreign corporation; ASBURY TRANSPORTATION CO., a California | ) |
| corporation; M/V HEILAN STAR, her engines, tackle, boilers, etc., a Panama | ) |
| vessel and DOES 1 through 10, inclusive | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.

**CV13-8481 PLA**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

| | | | |
|---|---|---|---|
| Dalian Suntime International Transportation Co. Ltd. d/b/a Dalian Suntime International Transportation (USA) Inc. Huizhong Zhang (Registered Agent) 162 Baron Lane East Brunswick, NJ 08816 | Nanjing Ocean Shipping Co. Room 5, 18th Floor Zhongtal International Plaza, 507, Zhongshan Bellu Gulou Qu, Nanjing Jiangsu, 210019 China | Asbury Transportation Co. Rick Boyer (Registered Agent) 2144 Parker Lane Bakersfield, CA 93308 | M/V Heilan Star Panama Vessel |

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Adam C. Brown (SBN 161951)/Andrea R. Shearer (SBN 265421)
Hill Rivkins Brown & Associates
11140 Fair Oaks Boulevard, Suite 100
Fair Oaks, CA 95628
916-535-0263

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:    NOV 1 5 2013    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                            *Server's signature*

                                         _____
                                                            *Printed name and title*

                                         _____
                                                            *Server's address*

Additional information regarding attempted service, etc:

UNITE... ATES DISTRICT COURT, CENTRAL DISTRICT O... ...LIFORNIA
CIVIL COVER SHEET

**I. (^) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

C.S. TRADING, a Delaware corporation

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
DALIAN SUNTIME INTERNATIONAL TRANSPORTATION CO. LTD. d/b/a DALIAN SUNTIME INTERNATIONAL TRANSPORTATION (USA) INC., a New Jersey corporation; NANJING OCEAN SHIPPING CO., a foreign corporation; ASBURY TRANSPORTATION CO., a California corporation; M/V HEILAN STAR, her engines, tackle, boilers, etc., a Panama vessel and DOES 1 through 10, inclusive

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding    ☐ 2. Removed from State Court    ☐ 3. Remanded from Appellate Court    ☐ 4. Reinstated or Reopened    ☐ 5. Transferred from Another District (Specify)    ☐ 6. Multi-District Litigation

**BY FAX**

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes  ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ 23,226.80

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C §1333; admiralty and maritime breach of contract

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☒ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number:    CV13-8481

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE**: Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? ☐ Yes ☒ No  If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? ☐ Yes ☒ No  If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?  Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?  Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true?  If so, check the one that applies: | C.2. Is either of the following true?  If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C | ☐ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D, below.  If none applies, answer question C2 to the right. ➡ | Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D, below.  If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?     ☒ NO     ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?     ☒ NO     ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)     ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____     DATE:  November 15, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |